### HALDEMAN–JULIUS PUB. CO. v. KIELY, Postmaster of City of New York.

No. 262.

Circuit Court of Appeals, Second Circuit.

March 13, 1933.

Arthur Garfield Hays, of New York City (Sadie Morris, of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman and Frank Chambers, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The complainant is a corporation engaged in publishing at Girard, Kan., a newspaper entitled "The American Freeman." Two of its issues, dated June 25 and July 15, respectively, were excluded from the mails by the postmaster at Girard. Shortly thereafter, on July 22, 1932, the American Civil Liberties Union presented to the defendant, the postmaster at New York City, one copy of each of these issues. He refused to accept them for transmission through the mails, and thereupon this suit was brought to enjoin the defendant from denying to the complainant the privilege of the mails with respect to said issues of its newspaper.

This is obviously a moot case, concocted for the purpose of bringing suit in the Southern district of New York rather than in the appropriate district of Kansas, where the injury to the complainant, if any, occurred. It is wholly consistent with the bill, and not improbable in fact, that the American Civil Liberties Union of its own accord and without the complainant's knowledge offered for mailing the copies which the defendant refused. The bringing of the suit does indeed show that the complainant has now adopted that act, but that is not enough. To obtain an injunction, the complainant must show that the defendant is threatening to do a wrong which will cause him irreparable injury. If a stranger to a newspaper, wishing to raise the question of its mailability, gets it refused, the publisher of the paper suffers nothing thereby. His use of the mails has not been denied by that refusal. He must allege an injury to himself, and he does not do so by showing that an outsider has been denied the use of the mails for a copy which the publisher has already disposed of by sale or otherwise. The complaint at bar contains no allegation that the rejected copies were the complainant's property, or that the American

Civil Liberties Union acted as its agent in offering them, or that the complainant desires to mail other copies here in New York. The charge that irreparable damage will be suffered by the complainant unless the defendant is enjoined is wholly without support in any allegations of fact. Nowhere does it appear that the complainant ever has or ever will offer any printed matter for mailing at New York. Its interest in the defendant's refusal of the papers offered by the American Civil Liberties Union is merely on the assumption that because that copy was refused so would the whole issue be if it were offered. No doubt that is true, as the solicitor of the Post Office Department has ruled that it contains nonmailable articles. But the solicitor's ruling gave no jurisdiction to the District Court for the Southern District of New York. The wrongful act which can be here complained of must be that of the postmaster at New York. The complaint alleges no wrongful act by the defendant either done or threatened to be done to the complainant. Accordingly, without considering the merits of the solicitor's ruling, we affirm the decree.